UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-204-RJC-DLH

| TIGRESS SYDNEY ACUTE McDANIEL,[1] | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| MICHELLE FEIMSTER BAILEY, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2), Plaintiff's "Renewed Motion for Recusal of Judge Conrad, Jr.," (Doc. No. 3), a Motion to Dismiss filed by Defendants American Reliable Insurance Company and Assurant Specialty Property, (Doc. No. 4), and Plaintiff's Motion for Extension to Respond to Defendants' Premature Motion to Dismiss or Alternatively Defendants' Procedural Preservation for Such, (Doc. No. 6).

### I. BACKGROUND

*Pro se* Plaintiff, a resident of Charlotte, has filed this action pursuant to 42 U.S.C. § 1983 and 1985, the Uniform Commercial Code ("UCC"), and North Carolina law. She has named as Defendants individuals and businesses who were in some way connected to her 2006 criminal prosecution and 2016 civil action in the North Carolina courts. She alleges that her bail bondsman

---

[1] Plaintiff's birth name is apparently Tosha Renae McDougal. (Doc. No. 1 at 10).

1

in the 2006 criminal matter destroyed her automobile which had been taken as security on the criminal bond. She allegedly won a $5,000 judgment against the bail bondsman for the damage in 2006 but was unable to collect it, and ultimately instituted a collection action in State court in 2016 which is pending on appeal. She alleges that the various Defendants conspired to prevent her from collecting the judgment in 2006, and are obstructing the 2016 collections matter. She seeks $10,000 to reimburse her for the damage to her vehicle plus interest, punitive damages, a formal written apology, and all other forms of relief deemed appropriate by the court (Doc. No. 1 at 13).

## II. MOTION FOR RECUSAL

Any federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To warrant recusal, "[t]he nature of the judge's bias must be personal and not judicial." In re Beard, 811 F.2d 818, 827 (4th Cir. 1987).

Plaintiff's motion for recusal is based on the Court's dismissal of a similar prior action as frivolous, which involved similar allegations and the same Defendants, case number 3:17-cv-448-RJC. She also sought the Court's recusal in that case, which was denied, and which the Fourth Circuit affirmed on appeal. See McDaniel v. Bailey, 710 Fed. Appx. 604 (4th Cir. 2018). She claims that the Court's bias is being repeated here.

The Court's adverse judicial ruling in another case provides no basis for the Court's recusal. Accordingly, Plaintiff's Renewed Motion for Recusal will be denied.

## III. STANDARD OF REVIEW

Because Plaintiff seeks to proceed *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon

clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**IV.  DISCUSSION**

**(1)  Unnamed Defendants**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004).

3

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a). See, e.g., (Doc. No. 1 at 304) (referring to P.Y. Pate, D.A. Whitley, George A. Wilhelm, and C.J. Cauble of the Rowan County Sheriff's Department). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served).

**(2)** **John and Janes Does**

John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant "is generally not favored in federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." Njoku v. Unknown Special Unit Staff, 217 F.3d 840, 840 (4th Cir. 2000). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 197-98 (because it appeared that John Doe was an actual person, it was error for the district court to conclude that, under appropriate circumstances, this type of case would not be permitted).

Plaintiff names in the Complaint's caption "John and Jane Does 1-30," however, she makes no effort to identify these individuals and does not allege any facts against them that would state a plausible claim for relief under any legal theory. Fed. R. Civ. P. 8(a)(2) (short and plain statement is required); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient). Therefore, Plaintiff's claims against John and Jane Does 1-30 are dismissed.

4

**(3)** **Judges**

"[J]udges are absolutely immune from suit for a deprivation of civil rights" for actions taken within their jurisdiction. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992). For immunity to apply, the act in question must be a "judicial act," that is, a "function [that is] normally performed by a judge, and [for which] the parties dealt with the judge in his or her judicial capacity." Id. A judge will not be deprived of immunity "because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); see Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (two exceptions to judicial immunity are "actions not taken in the judge's judicial capacity" and "actions, though judicial in nature, taken in complete absence of all jurisdiction.").

Defendant Anna Mills Wagoner is a judge in the Judicial District of the Sixth Division of the Superior Court serving Rowan County, and Defendant W. Erwin Spainhour is a judge in the Superior Court of Cabarrus County, who retired in 2014. Spainhour allegedly presided over Plaintiff's criminal trial in 2006.[2] Wagoner, while presiding over Plaintiff's collection claim in 2016, appointed Spainhour as a mediator, and appointed another mediator after Plaintiff filed a notice of recusal. Plaintiff fails to allege that either of the Defendant judges acted without subject-matter jurisdiction in either the 2006 criminal case or the 2016 collections matter, and therefore, her claims against them are barred by absolute judicial immunity.

---

[2] To the extent that Spainhour was briefly assigned as mediator to Plaintiff's civil State court proceedings, Plaintiff has failed to allege that he took any actions whatsoever in her case before he was replaced. See (Doc. No. 1 at 7) (alleging that Plaintiff formally demanded Spainhour's recusal on February 20, 2016, and she received notice that another mediator had been appointed on March 11, 2016). Therefore, even if Spainhour is not immune from suit with regards to his brief appointment as mediator, any claims based on that role are unsupported by any factual allegations and are dismissed for failure to state a claim. See Simpson, 900 F.2d at 35 (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

**(3)** **42 U.S.C. § 1983**

To state a claim under § 1983, a plaintiff must allege that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. at 50 (internal quotations omitted). In rare cases, the state can "so dominate[] [private] activity as to convert it to state action." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 181 (4th Cir. 2009). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Conduct is fairly attributable to the state where: (1) it is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible;" and (2) where the party charged with the deprivation is a person who may "fairly be said to be a state actor." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). An "otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights." Tower v. Glover, 467 U.S. 914, 920 (1984) (citing Dennis v. Sparks, 449 U.S. 24, 27–28 (1980)). "Without state action, [plaintiff] has no § 1983 claim." Thomas v. Salvation Army Southern Territory, 841 F.3d 632, 637 (4th Cir. 2016) (affirming dismissal pursuant to § 1915(e)(2)(B)(ii) where plaintiff did not allege any facts that even remotely suggested that defendants' actions were attributable to the state).

Plaintiff has failed to name any Defendant against whom a § 1983 claim can proceed. Defendant Michelle Feimster Bailey is a bail bondsman and who owns Defendant Infinity Bail Bonds, LLC. Bailey, through her company, allegedly caused damage to a Plaintiff's vehicle while

6

it was in her care. Plaintiff fails to allege that Bailey and Infinity worked in concert with a state actor or were otherwise acting under the color of state law. See Morris v. Queen City Bonding, 2013 WL 5567420 (W.D.N.C. Oct. 9, 2013) (dismissing § 1983 action on initial review where plaintiff, who alleged that bail bondsmen handcuffed him immediately upon being released on bond, held him for an hour, and took him back to jail when he could not provide a house or land to support the bond, did not allege that any public official was acting jointly with defendant bail bondsmen or that any public official directed defendants to participate in the alleged conduct); compare Jackson v. Pantazes, 810 F.2d 426, 429-30 (4th Cir. 1987) (holding that a bail bondsman was a state actor where he searched a home for a felon together with a police officer).

Defendants American Reliable Insurance Company and Assurant Specialty Property are private companies who allegedly insured Infinity and denied Plaintiff's claims for coverage for the damage to her vehicle that Bailey and Infinity allegedly caused. Plaintiff fails to state any facts that show that these private insurers acted under the color of state law.

Defendant Wells Fargo Bank allegedly levied Bailey's bank account through the Rowan County Sheriff's Department to satisfy the money judgment against Bailey in favor of Plaintiff. Paperwork allegedly shows that sufficient funds existed at the time of the levy, but it was then returned it for insufficient funds two weeks later. Plaintiff alleges that this indicates that Wells Fargo knowingly obstructed justice by apparently allowing Bailey to withdraw funds from the account on which the levy was placed. If true, failing to honor a Rowan County levy does not show that Wells Fargo acted in concert with a state actor; if anything, it would show that it acted in concert with its customer, Bailey, who is a private citizen and business owner. Plaintiff has failed to show that Wells Fargo acted under the color of state law under these circumstances.

Defendant Richard Huffman is a private attorney who represented Bailey and Infinity in

Plaintiff's collection action in 2016. Plaintiff contends that Huffman "suspectedly" conspired with the Clerk of Court to have Plaintiff's default judgment set aside, that he conspired with his client, Bailey, committed "sewer service fraud" on Plaintiff, and obtained an "ill-gotten" gatekeeper order to prevent Plaintiff from making further *pro se* filings in that case, and obtained an *ex parte* judgment for Bailey. (Doc. No. 1 at 6-7). Defendant Huffman did not act "'under color of state law' merely by making use of the state's court system" and zealously representing his client. Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) (quoting Dennis v. Sparks, 449 U.S. 24, 28 (1980)). Plaintiff's vague, conclusory, and implausible claims that Huffman "suspectedly" colluded with the Clerk of Court, his client, and others in the collections are inadequate to demonstrate that he acted under the color of state law at any time. See generally Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'").

Petitioner contends that Defendant Julia A. Titus Emerson, a court reporter who transcribed several hearings in the 2016 State court civil proceedings, is charging her too much for several transcripts in that case. Plaintiff's vague and conclusory allegations that Emerson maliciously engaged in conspiracy against Plaintiff to deny her "natural justice" and increased her transcription rates knowing that Plaintiff was indigent to intentionally impeded her record on appeal in the 2016 State court proceedings, (Doc. No. 1 at 2), are inadequate to show that Emerson was a state actor. See Kaufman v. McCrory Stores Div. of McCrory Corp., 613 F.Supp. 1179 (M.D. Pa. 1985) (a privately retained stenographer to record testimony of deponents in a civil action did not act under

the color of state law); see also Denton, 504 U.S. at 33; McLean, 566 F.3d at 399. Nor has Plaintiff alleged that Emerson has violated any right of Plaintiff's by insisting on payment for transcripts of the State court proceedings. Tyson v. Jordan, 2010 WL 3257840 at *2 (D. S.Ca. July 12, 2010) ("indigent plaintiffs are responsible for the costs incurred during litigation and there is no constitutional right to have those costs covered by the government."); see, e.g., Blackwell v. Houser, 2017 WL 392184 (W.D.N.C. Jan. 27, 2017) (civil litigants, including pro se litigants, generally bear their own deposition costs; these costs include not only any fees, but the cost of the court reporter's services as well as the cost for copies of the transcripts).

Therefore, Plaintiff's § 1983 claims are dismissed because Plaintiff has failed to state an actionable § 1983 claim against any of the Defendants. See, e.g., McDaniel, 710 Fed. Appx. at 604 (affirming the *sua sponte* dismissal of the complaint in one of Plaintiff's prior actions pursuant to § 1915(e)(2)(B)(ii) because she failed to state an actionable § 1983 claim and none of the defendants – the same Defendants named in the instant action – were subject to § 1983 liability).

**(4)** **42 U.S.C. § 1985**

Liberally construing the Complaint, it appears that Plaintiff is attempting to state a claim under the second part of § 1985(2)[3] and the first part of § 1985(3).[4] These provisions apply to

---

[3] … [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws….
42 U.S.C. § 1985(2).

[4] If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws… in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have

9

conspiracies to obstruct justice in the state courts and conspiracies to deprive individuals of equal protection, respectively. Kush v. Rutledge, 460 U.S. 719, 725 (1983). Both of these provisions require a § 1985 "conspiracy," so a claimant must show an agreement or "meeting of the minds" by defendants to violate the claimant's constitutional rights. Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995). Allegations of parallel conduct and a bare assertion of a conspiracy are not enough for a § 1985 claim to proceed. A Soc'y Without A Name v. Va., 655 F.3d 342, 347 (4th Cir. 2011)). Each of these portions of the statute contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws, meaning that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Kush, 460 U.S. at 725; Thomas, 841 F.3d at 637; Simmons, 47 F.3d at 1376.

Petitioner's vague and conclusory allegations that the various Defendants conspired and discriminated against her are insufficient to state a claim under § 1985. While Plaintiff uses the words "conspired" and "conspiracy" throughout her Compliant, she fails to allege with any specificity the agreement between the conspirators, the communications among them, or the manner in which any such communications were made. She notes that she and Defendant Bailey are African-American and that the other Defendants are Caucasian, but fails to link the Defendants' alleged conduct with invidious racial discrimination. See generally Gooden v. Howard Cnty., 954 F.2d 960, 969-70 (4th Cir. 1992) (*en banc*) ("The § 1985 claim was essentially an afterthought with little more to support it than the respective racial identities of the individuals involved. The mere

---

an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.
42 U.S.C. § 1985(3)

10

statement, however, that the officers in question and Ms. Beck were white and Ms. Gooden was black cannot suffice to overcome the fact that the officers acted upon the basis of a citizen's complaint, confirmed repeatedly by their own observations that Ms. Gooden was in distress. Nor has Ms. Gooden presented any evidence of a conspiracy of two or more persons as required to state a claim under § 1985(3)."); see, e.g., Thomas, 841 F.3d at 638 (affirming § 1915(e) dismissal where plaintiff failed to provide facts suggesting that defendants conspired to do anything, much less to deprive her of rights because of her alleged mental disability; the complaint "offer[ed] only conclusory allegations" that the defendants conspired together, which is not enough to proceed on a claim under § 1985); Posr v. Court Officer Shield No. 207, 180 F.3d 409, 419 (2d Cir. 1999) (while plaintiff identifies himself as black and alleges in his complaint that actions taken against him were racially motivated, mere conclusory assertion of racial motivation is not sufficient to state conspiracy claim).

Plaintiff also claims that she was discriminated against because of her indigence and *pro se* status, however, these are not protected classes upon which a claim of discriminatory conspiracy can be based. See Maher v. Roe, 432 U.S. 464, 471 (1977) ("this court has never held that financial need alone identifies a suspect class for purposes of equal protection analysis."); United Bhd. of Carpenters & Joiners of Am. v. Scott, 463 U.S. 825, 838 (1983) (declining to "construe § 1985(3) to reach conspiracies motivated by economic or commercial animus."); see, e.g., Scheib v. Butcher, 602 Fed. Appx. 67 (3d Cir. 2015) (non-lawyer *pro se* litigant is not a cognizable class under § 1985(3)); Eitel v. Holland, 787 F.2d 995, 1000 (5th Cir. 1986) ("*pro se* plaintiffs do not constitute a class for whose members § 1985(3) provides a remedy"); see also Posr, 180 F.3d at 419 (noting that plaintiffs could cite no authority for the proposition that *pro se* litigants are a protected class and, in any event, his allegation of discrimination on that basis was conclusory).

Therefore, Plaintiff has failed to adequately allege the existence of a conspiracy or a class-based animus and her § 1985 claims are dismissed. See, e.g., McDaniel, 710 Fed. Appx. at 604 (affirming the dismissal of the complaint in one of Plaintiff's prior actions because she failed to allege with any specificity the persons who agreed to the alleged conspiracy, the communications amongst the conspirators, the manner in which any such communications were made, or that the defendants were motivated by class-based animus).

**(5)** **Uniform Commercial Code**

Article 3 of the UCC applies to negotiable instruments. 11 Am. Jur. 2d Bills and Notes § 3. Its purpose is to enhance the marketability of negotiable instruments and allow bankers, brokers, and the general public to trade in confidence. Id.

Plaintiff contends that Wells Fargo returned the levy on Plaintiff's civil judgment for insufficient funds even though a levy is not a "negotiable instrument" pursuant to U.C.C. § 3-104. Aside from her citation to the UCC and assertion that the levy was not negotiable, Plaintiff has failed to state any theory under which she has a cause of action under the UCC. Further, the crux of her claim is an attempt to challenge a 2016 State court civil judgment that is barred by abstention principles as explained in Section (6), *infra*.

Therefore, Plaintiff's UCC claim is dismissed.

**(6)** **Abstention**

To the extent that Plaintiff attempts to attack the 2006 criminal and 2016 civil State court proceedings, such claims are barred from § 1983 review.

**(A)** **2006 Criminal Proceedings**

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a complaint under the Civil Rights

12

act, § 1983. Muhammad v. Close, 540 U.S. 749, 750 (2004). "Habeas corpus, and not § 1983, is the exclusive federal remedy for state prisoners seeking actual release from confinement," Griffin v. Baltimore Police Dep't, 804 F.3d 692, 694–95 (4th Cir. 2015) (citing Preiser v. Rodriguez, 411 U.S. 475, 487–90 (1973)), and "requests for relief turning on circumstances of confinement may be presented in a § 1983 action," Muhammad, 540 U.S. at 750. Some cases are "hybrids," where a prisoner seeks damages, which are unavailable through a habeas action, but on allegations that either imply the invalidity of an underlying conviction or of a particular ground for denying relief short of serving the maximum term of confinement. Id. To address this situation, the Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that:

> to recover damages for … harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus….

Id. at 485.

For Heck to bar a § 1983 claim, (1) "a judgment in favor of the plaintiff [must] necessarily imply the invalidity of [a plaintiff's] conviction or sentence," Heck, 512 U.S. at 487, and (2), the claim must be brought by a claimant who is either (i) currently in custody or (ii) no longer in custody because the sentence has been served, but nevertheless could have practically sought habeas relief while in custody, Covey v. Assessor of Ohio Cty., 777 F.3d 186, 197 (4th Cir. 2015).

Any challenge to Plaintiff's 2006 conviction is barred because Plaintiff has failed to demonstrate that the North Carolina conviction and sentence have been invalidated.

**(B)** **2016 Civil Proceedings**

Federal courts must refrain from staying or enjoining pending state prosecutions except

under special circumstances. Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine extends to state civil proceedings that are akin to criminal prosecutions, Huffman v. Pursue Ltd., 420 U.S. 592 (1972), or that implicate a state's interest in enforcing the orders and judgments of its courts, Pennzoil Co. v. Texaco Inc., 481 U.S. 1 (1987). Proceedings fitting within the Younger doctrine include state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. New Orleans Public Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 367-68 (1989). A federal court may disregard Younger's mandate to abstain from interfering with ongoing state proceedings only where extraordinary circumstances exist that present the possibility of irreparable harm. Robinson v. Thomas, 855 F.3d 278, 285 (4th Cir. 2017) (internal quotations omitted).

Plaintiff alleges that she is in the process of appealing the 2016 civil judgment in the North Carolina appellate courts. Any attempt to challenge the 2016 civil proceedings are barred because her redress is available in the North Carolina appellate courts rather than this Court.

**(7)** **State Law Claims**

The district courts have supplemental jurisdiction over claims that are so related to the claims over which the court has original jurisdiction that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1)-(4).

Because Plaintiff has failed to state a facially sufficient federal claim, the Court will decline to exercise supplemental jurisdiction over Plaintiff's State law claims at this time.

## V. MOTION TO DISMISS

Defendants Reliable and Assurant have filed a Motion to Dismiss arguing that Plaintiff has failed to state a claim against them, and the Complaint is barred by the three-year statute of limitations. (Doc. Nos. 4, 5). Plaintiff seeks an extension of time to respond to the Motion to Dismiss. (Doc. No. 6).

Defendant's Motion to Dismiss and Plaintiff's Motion seeking an extension of time are moot because the Complaint has failed to pass initial review. Therefore, both Motions are denied.

## VI. CONLUSION

For the reasons stated herein, this action is dismissed, Plaintiff is granted *in forma pauperis* status for the limited purpose of initial review, and Plaintiff's Motion to Recuse is denied.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review.

2. The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff's "Renewed Motion for Recusal of Judge Conrad, Jr.," (Doc. No. 3), is **DENIED**.

4. The Motion to Dismiss filed by Defendants American Reliable Insurance Company and Assurant Specialty Property, (Doc. No. 4), is **DENIED** as moot.

5. Plaintiff's Motion for Extension to Respond to Defendants' Premature Motion to Dismiss or Alternatively Defendants' Procedural Preservation for Such, (Doc. No. 6), is

**DENIED** as moot.

6. The Clerk is directed to close the case.

Signed: July 11, 2018

Robert J. Conrad, Jr.
United States District Judge